IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Securities Intermediary,<br><br>Plaintiff,<br><br>vs.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>Defendant. | 4:22-CV-3129<br><br><br>ORDER |

This matter is before the Court on a motion to dismiss or stay (filing 19) premised in part on mirror-image litigation filed in the U.S. District Court for the District of Delaware (case no. 1:22-cv-623 in that court). The plaintiff, U.S. Bank, wants to stay in Nebraska, and has asked the Delaware court to dismiss the Delaware case based on alleged lack of personal jurisdiction and failure to state a claim. The defendant, Ameritas Life Insurance Corp., would prefer to litigate in Delaware, and to that end has asked this Court to dismiss this case or, alternatively, at least stay this case pending disposition of U.S. Bank's Delaware motion to dismiss. Filing 19.[1] The Delaware motion is fully briefed.

---

[1] U.S. Bank asserts that Ameritas' motion has been mooted by U.S. Bank's filing of an amended complaint. *See* filing 27. But contrary to U.S. Bank's representation, the filing of an amended complaint does not *automatically* moot a pending motion to dismiss—rather, the Court has discretion to consider the motion as seeking dismissal of the amended complaint where the grounds for dismissal remain applicable. *See Cartier v. Wells Fargo Bank, N.A.,* 547 F. App'x 800, 804 (8th Cir. 2013). And here, the motion to dismiss really isn't predicated on the specific allegations of the complaint at all—rather, the motion to dismiss is predicated on the existence of the Delaware mirror-image action, and the jurisdictional and prudential considerations implicated by that.

Generally, federal courts are obliged to exercise the jurisdiction given them. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). But where federal courts are simultaneously exercising jurisdiction over the same matter, one federal court may defer to another based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*

In deciding whether to abstain from one of two concurrent federal proceedings, "no precise rule has evolved." *Brewer v. Swinson,* 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colo. River,* 424 U.S. at 817). Instead, where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation. *Id.* In doing so, "the determining factors should be equitable in nature, giving regard to wise judicial administration." *Id.* The Court has "ample" discretion in deciding to stay or dismiss a proceeding based on duplicative federal litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183-84 (1952)

The threshold issue in determining whether to abstain due to the pendency of concurrent federal proceedings is whether the proceedings are, in fact, "duplicative" or "parallel." *Ritchie Capital Management, L.L.C. v. Jeffries,* 849 F. Supp. 2d 881, 888 (D. Minn. 2012). There's little doubt about that here. And the well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply. *Northwest Airlines v. American Airlines,* 989 F.2d 1002, 1005 (8th Cir. 1993). And here, the Delaware suit was filed months earlier.

Compelling circumstances may be shown by certain "red flags," such as where the facts suggest that the first-filing party acted in bad faith or raced to the courthouse to preempt a suit by the other party. *Id.* at 1007. The Eighth Circuit has identified two additional red flags signaling potentially compelling circumstances: first, where the first suit was filed after the other party gave notice of its intention to sue and, second, where the first action was for declaratory judgment rather than for damages or equitable relief. *Boatmen's First Nat. Bank of Kansas City v. Kansas Public Employees Retirement System,* 57 F.3d 638, 641 (8th Cir. 1995). And when considering what to do with parallel cases, courts look by analogy to the "balance of convenience" and "interest of justice" factors set forth in 28 U.S.C. § 1404(a), which governs transfers. Courts may depart from the first-filed rule when those factors weigh in favor of keeping the case in the second court. *See Terra Int'l, Inc. v. Miss. Chem. Corp.,* 922 F. Supp. 1334, 1348-50 (N.D. Iowa 1996).

But an obvious starting point is whether the Delaware court can exercise personal jurisdiction over U.S. Bank—U.S. Bank alleges it can't, and that question has been briefed extensively in the motion to dismiss currently under submission in Delaware. The first step, then, is for the Delaware district court to decide whether it can exercise personal jurisdiction over U.S. Bank—the fully-briefed jurisdictional motion there should be decided first. Accordingly, this Court will stay this case pending that decision. The Court will direct U.S. Bank (as the moving party in Delaware) to provide this Court with regular status reports on the pendency of its motion and to promptly advise this Court when that motion is decided.

IT IS ORDERED:

1.    Ameritas' motion to dismiss or to stay (filing 19) is granted in part.

2.    This case—including Ameritas' deadline to answer or otherwise respond to U.S. Bank's operative amended complaint—is stayed pending a decision on the motion to dismiss submitted to the U.S. District Court for the District of Delaware in *Ameritas Life Ins. Corp. v. U.S. Bank, Nat'l Ass'n*, case no. 1:22-cv-623.

3.    U.S. Bank shall advise the Court every 30 days of the status of its Delaware motion, and shall promptly notify this Court when that motion is decided.

4.    The Clerk of the Court is directed to flag this case as stayed, and set an initial status report deadline of November 21, 2022.

Dated this 20th day of October, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge