IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Securities Intermediary,<br><br>            Plaintiff,<br><br>vs.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>            Defendant. | 4:22-CV-3129<br><br>ORDER TO SHOW CAUSE |

      This matter is before the Court on its own motion following the status report (filing 53) filed by the plaintiff, U.S. Bank, advising the Court that the U.S. District Court for the District of Delaware has denied the motion to dismiss filed by U.S. Bank as the defendant in the mirror-image action pending in that court. The Court has also independently reviewed the ruling the Delaware court gave on the record.

      It's clear from that ruling that the Delaware court—well-aware of this subsequently filed case—intends to proceed with case progression, having determined that jurisdiction is proper in Delaware. Which is the Delaware court's privilege, given the well-established rule that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *See Nw. Airlines v. Am. Airlines,* 989 F.2d 1002, 1005 (8th Cir. 1993). That suggests, strongly, that this Court should abstain from exercising jurisdiction. *See generally Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).

Where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation. *Brewer v. Swinson,* 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colo. River,* 424 U.S. at 817). The Court has ample discretion in deciding to stay or dismiss a duplicative proceeding. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183-84 (1952). And the prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply. *Nw. Airlines,* 989 F.2d at 1005.

Here, the Delaware suit was filed months earlier. Nor is the Court aware of any "red flags" suggesting that Ameritas filed suit in bad faith: Ameritas alleges that U.S. Bank never proffered an intent to sue, and while the first-filed Delaware suit sought declaratory relief, it did so in the context of a plainly ripe dispute over payment of a death benefit. *See Boatmen's First Nat. Bank of Kan. City v. Kan. Pub. Emps. Ret. Sys.,* 57 F.3d 638, 641 (8th Cir. 1995). In addition, when considering what to do with parallel cases, courts look by analogy to the "balance of convenience" and "interest of justice" factors set forth in 28 U.S.C. § 1404(a), which governs transfers. Courts may depart from the first-filed rule when those factors weigh in favor of keeping the case in the second court. *See Terra Int'l, Inc. v. Miss. Chem. Corp.,* 922 F. Supp. 1334, 1348-50 (N.D. Iowa 1996). But here, those factors suggest that jurisdiction in Delaware is appropriate: The dispute is over an insurance policy held by a Delaware statutory trust arguably governed by Delaware law (and certainly not by Nebraska law), and Ameritas plausibly argues that the key witnesses to the transaction are found in Delaware.

In sum, everything before the Court indicates that the appropriate course of action is for this Court to dismiss this case in favor of the first-filed Delaware case. (And perhaps U.S. Bank has come to the same conclusion as well, having "shot its shot" in Delaware and missed, and preferring not to risk

litigating in two forums.) But the Court will give the parties a chance to weigh in first, addressing (1) whether this action should be stayed or dismissed in favor of the Delaware case, and (2) whether a stay or outright dismissal without prejudice is appropriate.[1]

IT IS ORDERED:

1. U.S. Bank shall show cause, on or before November 1, 2023, why this case should not be stayed or dismissed without prejudice.

2. Ameritas may respond to U.S. Bank's showing, if any, on or before November 8, 2023.

3. The Clerk of the Court is directed to set a show cause deadline for November 8, 2023.

Dated this 11th day of October, 2023.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge

---

[1] U.S. Bank should be advised that if this case is stayed, the Court will expect regular status reports on the Delaware case. Not the most onerous burden, to be sure, but one that can be avoided by dismissal without prejudice. (Which is still voluntarily available to U.S. Bank pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).)